**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal. Bar No. 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123124

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DraftExpress, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Whistle Sports, Inc., <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff DraftExpress, Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Whistle Sports, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and videos owns the rights to these images and videos which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account with the name of "@WhistleSports" on Twitter (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed an image from Plaintiff's Video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff DraftExpress, Inc. is New York business corporation that maintains a principal place of business at 468 Court Street, Brooklyn in New York City, New York.

6. Upon information and belief, Defendant Whistle Sports, Inc., is a Delaware corporation with a principal place of business at 2644 30th Street, Santa Monica in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Whistle Sports, Inc. because it resides in California.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Whistle Sports, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is the legal and rightful owners of videos which Plaintiff licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's

videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. The Account is associated with Defendant.

15. Defendant has exclusive access to post content on Defendant's Account.

16. Defendant uses the Account to promote its business.

17. On February 20, 2013, Plaintiff authored a video of his interview with than teenager, Giannis Sina Ugo Antetokounmpo, prior to his entrance into the National Basketball Association (the "*Video*"). A copy of a single frame screengrab from the Video is attached hereto as Exhibit 1.

18. Plaintiff applied to the USCO to register the Video on or about July 27, 2020 under Application No. 1-9066649603.

19. The Video was registered by the USCO on July 27, 2020 under Registration No. PA 2-255-650.

20. On July 21, 2021, Plaintiff observed an image from the Video on the Account in a post dated July 21, 2021 (the "*Video Image*"). A copy of the screengrab of the Video Image on the Account is attached hereto as Exhibit 2.

21. A copy the Video Image was displayed on Defendant's Twitter Account at www.twitter.com at the following URL: https://twitter.com/WhistleSports/status/1417698224916283392.

22. The Video Image is directly attributable to Plaintiff's Video and would be recognized by any persons familiar with Antetokounmpo as such.

23. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed an image from Plaintiff's copyright protected Video as is set forth in Exhibit "1" on the Account.

24. Upon information and belief, the Video Image was copied, stored

and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

25. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

26. The Infringement is an exact copy of a segment of Plaintiff's original Video that was directly copied and stored by Defendant on the Account.

27. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to the image from Plaintiff's Video.

28. Upon information and belief, the Video Image was willfully and volitionally posted to the Account by Defendant.

29. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

30. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

31. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

32. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

33. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its service revenues.

34. Upon information and belief, a large number of people have viewed the unlawful copies of the Video Image on the Account.

35. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

36. Defendant's use of the Video Image, if widespread, would harm Plaintiff's potential market for the Video.

37. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

38. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

39. The Video is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

40. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

41. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

42. Defendant's reproduction of an image from Plaintiff's Video and display of the Video Image constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

43. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of

Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing post on the Account.

44. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

45. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

46. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

47. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in the Video by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of

Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: January 2, 2022

                        **SANDERS LAW GROUP**

By:   /s/ *Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123124

*Attorneys for Plaintiff*